ELDER *et al.* v. HORSESHOE MIN. & MILL. CO. *et at.*

Rev. St. U. S. § 2324, provides that, on failure of a co-owner of a mining claim to contribute his share of expenditures required by the statute, those who have made the improvements may, at the end of the year give the delinquent personal notice in writing, or notice by publication, for at least once a week for 90 days, and if, after 90 days, he fails to contribute, his interest in the claim shall become the property of such co-owners. *Held*, that a notice published every day except Sunday, from Monday, January 7th, to Tuesday, April 2d, inclusive, was sufficient.

(Opinion filed October 2, 1901.)

Appeal from circuit court, Lawrence county. HON. JOSEPH B. MOORE, Judge.

Action by William S. Elder, administrator, and others against the Horseshoe Mining & Milling Company and others, to establish title to certain mining property. From a judgment in favor of defendants, plaintiffs appeal. Affirmed.

*Frank L. McLaughlin* and *Martin & Mason,* for appellants.

*Edwin Van. Cise, G. C. Moody,* and *C. E. DeLand,* for respondents.

HANEY, J. In this action the plaintiffs seek to establish title to an undivided one-half interest in certain mining ground heretofore patented as the North lode, and to compel the defendant, the Horseshoe Mining & Milling Company, to convey such interest. Defendant appealed from a judgment in favor of the plaintiffs,

which was reversed by this court. 9 S. D. 636, 70 N. W. 1060, 62 Am. St. Rep. 895. The action having been again tried by the court without a jury, judgment was rendered in favor of the defendants, and the plaintiffs appealed.

An extended statement of the facts will be found in our former decision, wherein it was held that notices of forfeiture addressed, "To Rufus Wilsey, His Heirs, Administrators, and to All Whom It May Concern," were sufficient in form to devest the plaintiffs of their title to the ground in controversy. It is now contended that these notices were ineffectual, for the reason that they were not published during the entire period prescribed by the federal statute. The notices were published every day except Sunday from Monday, January 7, 1889, to Tuesday, April 2, 1889, both inclusive. The statute reads as follows: "Upon the failure of any one of several co-owners to contribute his proportion of the expenditures required hereby, the co-owners who have performed the labor or made the improvements may, at the expiration of the year, give such delinquent co-owner personal notice in writing or notice by publication in the newspaper published nearest the claim, for at least once a week for ninety days, and if at the expiration of ninety days after such notice in writing or by publication such delinquent should fail or refuse to contribute his proportion of the expenditure required by this section, his interest in the claim shall become the property of his co-owners who have made the required expenditures." Rev. St. U. S. § 2324. Our attention has not been called to any case wherein the language of this statute has been construed with reference to the question here presented, nor have any cases been found wherein the same language has been so construed. It is evident that the notice by publication shall continue during ninety days. The phrase, "for at least once a week for ninety days," should be ren-

dered, "at least once a week during ninety days"; that is to say, there shall be at least one publication in each week during the prescribed period. In other words, notice shall continue ninety days, and one publication each week constitutes the notice required. Necessarily the ninety-day period begins with the first publication. In the case at bar it began on Monday, January 7th. The publication on that day was sufficient for the week beginning on that day. Publication on the following and each succeeding Monday would certainly constitute at least one publication each week while so continued. There was a publication on each Monday from January 7th to April 1st, both inclusive. If no publication was required after the first until the following Monday, none was required after April 1st, until the following Monday, April 8th, and on that day the period of ninety days had been completed. Including the first day of publication, ninety days ended on Saturday, April 6th. Excluding the first day, ninety days ended on Sunday, April 7th. On that day the required notice had continued during ninety days, and another publication on Monday, April 8th, was wholly unnecessary. Conceding that the statute should be strictly construed, we think there was a complete compliance with its provisions respecting the duration of the publication.

The judgment of the circuit court is affirmed.